*Moss, for appellee.*

---

## J. H. BRAND, ET AL., *v.* TRUSTEES OF GAYLORD IRON & PIPE CO., ET AL.

### Receiver—Sale of Property.

A judgment of receiver's sale being valid binds all parties and their privies to the suit, and the purchaser at such sale is protected.

### Manufacturing Establishment.

An order to sell the plant of a manufacturing establishment does not include scrap iron, nor mules and drays.

### APPEAL FROM CAMPBELL CHANCERY COURT.

### January 18, 1878.

OPINION BY JUDGE COFER:

It is not necessary to decide whether the directors of the Iron & Pipe Company had power to sell and make an absolute conveyance of its property or not, or whether the trustees had qualified according to law. They claimed to be trustees, and invested with the title to to the property, and came into court·upon that assumption and asked for a judgment to sell the property. The company was served with process and appeared to the suit, and the court thus acquired complete and unquestionable jurisdiction, and its judgment to sell the

property is valid and sufficient to invest in the purchaser the title of the company.

The suit of Brown and wife does not seek to set aside the conveyance to the trustees, but merely a settlement of their accounts, their removal from office, the appointment of other trustees, and to have the property placed in the hands of a receiver.

The judgment directing a sale of the property, being valid, binds all parties to the suit and their privies, and a litigation between the company and its stockholders does not create such a "lis pendens" as can affect the title of the purchaser under a judgment valid against the company. *Hawes v. Orr,* 10 Bush 431. It was not necessary to the validity of the judgment to sell the property that the creditors should be parties. *Robinson v. Robinson's Trustee,* 11 Bush 174.

Neither the scrap iron, the coke nor the mules and drays, was embraced by the judgment. None of these things constituted in any sense a part of the establishment ordered to be sold, nor were they appurtenant to it. Only such things as were attached to the freehold or constituted a part of the manufacturing establishment were embraced by the judgment. Materials to be used in manufactures were not embraced by the terms used.

But we are of the opinion that the commissioner exceeded his authority in imposing conditions mentioned in his report in respect to the hinges and staples on the flasks. They were part and parcel of the establishment ordered to be sold, and it was his duty to sell as ordered, or to await further orders from the court.

It seems to be tacitly conceded that the hinges are patented, and that the company had not obtained a license to use them, or if it had, that the arrangement with the patentee was not such that the purchaser would have the right to use the patent without some new arrangement with the patentee. But of this there is no legal evidence whatever in the record.

The result of the commissioner's departure from the order of the court is that there is misunderstanding as to whether the purchasers had notice of the reservation attempted to be made, and conflicting evidence as to the fact. But whether or not the purchaser heard the announcement which the commissioner made is not material. He had a right to regard all the property embraced by the judgment as embraced by his purchase. All persons are presumed to know what the law is, and therefore to know, when the court had decreed an entire thing to be sold, that the mere ministerial agent of the

court has no power to offer the thing in part, or subject to limitations and conditions not embraced in the judgment.

If Brannin and Brand knew the commissioner had imposed the conditions reported by him, there would be no injustice in requiring them to accept the property and pay the price bid. But in order to do so the court must go into an inquiry as to the declarations of the commissioner, and whether the purchasers heard and understood him; and such an inquiry would not only be embarrassing in many cases, as in this, but it would open the door for the most vexatious litigation, and for fraud and perjury, which public policy forbids should be opened.

If evidence can be offered to show that less than is embraced by the decree was offered and sold, such evidence may also be offered to prove that the commissioner offered property not embraced by the decree, or that he represented that property was embraced which in fact was not embraced. The only safe and consistent rule is that the commissioner shall follow the decree, and offer for sale that which the decree directs to be sold, and leave the purchaser and the court to adjust questions like that the commissioner in this case undertook to control.

The commissioner no doubt did what he supposed was in the interest of all parties, and without any purpose to go beyond the sphere of his duties and powers, and seems to have pursued the advice of counsel; but we think he erred, and that the purchaser was not bound to regard the conditions mentioned by the commissioner, even if he heard them, but had a right to assume that he would get all the decree embraced, or would not be compelled to accept any part of it.

Judgment *reversed* and cause remanded with directions to set aside the sale.

*J. R. Hallam, James Pryor, and A. Duvall, for appellants.*

*Root & Wright, Benton & Benton, for appellees.*